IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PETROLEUM PRODUCTS, INC., et al.,

        Plaintiffs,

v.                                    CIVIL ACTION NO. 2:09-cv-00425

COMMERCE AND INDUSTRY INSURANCE
COMPANY, et al.,

        Defendants.

**MEMORANDUM ORDER AND OPINION**

Pending before the court is the plaintiffs' Motion for Leave to Amend Complaint [Docket 53]. The Motion is **GRANTED**.

By their Motion, the plaintiffs seek to amend the Complaint in three respects. They seek to (1) add a breach-of-contract cause of action against defendant Arcadis; (2) add an Unfair Trade Practices Act claim against the "AIG Parties"; and (3) add a vicarious liability claim against the AIG Parties. The court issued a scheduling order in this case providing that amended pleadings were due by September 30, 2009. As such, the plaintiffs' Motion is over two months overdue.

While Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend should be freely given "when justice so requires," a motion seeking to amend a pleading after the time for such amendment has passed amounts to a motion to modify the scheduling order. Rule 16(b)(4) authorizes modification of a scheduling order "only for good cause and with the judge's consent."

This court has previously explained that to amend a pleading after the time for such amendment has passed in the scheduling order, the party seeking amendment must first satisfy the "good cause" standard of Rule 16. Regarding Rule 16's "good cause" standard, this court has previously stated that

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.

*Stewart*, 212 F.R.D. at 496 (internal quotation marks and alterations omitted).

If the moving party has satisfied Rule 16, then it must meet the requirements of Rule 15. *Stewart v. Coyne Textile Services*, 212 F.R.D. 494, 495-96 (S.D. W. Va. 2003). Federal Rule of Civil Procedure 15(a) provides that a court should "freely give leave [to amend a pleading] when justice so requires." "The Supreme Court has declared that this mandate is to be heeded." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation marks omitted). "The law is well settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile . . . . Delay alone is an insufficient reason to deny leave to amend. Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Id.* (internal quotation marks omitted).

The plaintiffs' reason for seeking to amend the Complaint after the time authorized in the scheduling order is that their prior lead counsel in this case passed away in July 2009. They contend that it took their new lawyer "some time to gain familiarity with the scope of the civil action." (Pls.'

Mot. Amend 6.) After a few months examining the case, their new lawyer determined "that Plaintiffs[] possess several additional causes of action omitted from the original Complaint." (*Id.*) The plaintiffs emphasize that discovery has not yet commenced in this case and that the claims they seek to add are consistent with the other allegations in the Complaint.

The court **GRANTS** the Motion. The "good cause" standard of Rule 16 is met. There is no evidence that the plaintiffs have not been diligent in developing their claims. Rather, their lawyer passed away, and a new lawyer had to step in and take the reigns. This case involves a complex set of facts and it understandably took the plaintiffs' new lawyer some time to orient himself. Rule 15 is also satisfied. While the plaintiffs have not explained why they did not seek to amend the scheduling order before the time for amendment passed, the court gives substantial weight to the fact that discovery has not yet commenced. As such, there is little chance that the defendants will be prejudiced by this amendment.

The plaintiffs' Motion for Leave to Amend Complaint [Docket 53] is **GRANTED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 9, 2009

Joseph R. Goodwin, Chief Judge