## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**PETROLEUM PRODUCTS, INC.,**
**et al.,**

                              **Plaintiffs,**

**v.**                                        **Civil Action No. 2:09-0425**

**COMMERCE AND INDUSTRY**
**INSURANCE COMPANY, et al.,**

                              **Defendants.**

## MEMORANDUM OF LAW IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' CLAIMS AGAINST DEFENDANTS AIG DOMESTIC CLAIMS, INC. AND AIG CONSULTANTS, INC.

Defendants AIG Domestic Claims, Inc. n/k/a Chartis Claims, Inc. ("AIGDC") and AIG Consultants, Inc. n/k/a Global Loss Prevention, Inc. ("AIG Consultants"), through undersigned counsel and pursuant to L.R. Civ. P. 7.1, submit this Memorandum of Law in support of their Rule 12(b)(6) Motion to Dismiss Plaintiffs Petroleum Products, Inc.'s, Bulk Plants, Inc.'s, and Bulk Plants, LLC's (collectively the "Plaintiffs") claims, and state as follows.

### RELEVANT FACTUAL BACKGROUND

Defendant Commerce & Industry Insurance Company ("C&I") issued Storage Tank Third-Party Liability Corrective Action and Cleanup Policy No. ST 7513510, with an effective policy period of October 1, 1999 to October 1, 2002 (the "C&I Policy") to Plaintiff Bulk Plants, Inc. See Doc. No. 1-2, Ex. 1 to Compl., at p. 2. Although Bulk Plants, Inc. is the Named Insured under the C&I Policy, Plaintiffs allege that designation to be a mistake and that Plaintiff Bulk Plants, LLC was the intended and actual Named Insured. Doc. No. 1, Compl. at ¶ 29. The C&I Policy provides, in pertinent part, the following coverage:

1337383v.1

## I.   INSURING AGREEMENT

COVERAGE B:   CORRECTIVE ACTION DUE TO
UNDERGROUND STORAGE TANK RELEASES.  Subject to
the applicable limits of liability and the deductible, the Company
agrees to pay on behalf of the **Insured** reasonable and necessary
costs that the **Insured** is legally obligated to pay for **Corrective
Action** due to **Confirmed Releases** resulting from **Pollution
Conditions** from an **Underground Storage Tank System** which
are unexpected and unintended form the standpoint of the **Insured**.
The **Pollution Conditions** must commence on or after the
Retroactive Date shown in Item 7 of the Declarations.  **Claims**
reporting a **Confirmed Release** must first be reported to the
Company, in writing, during the **Policy Period** or during the
Extended Reporting Period, if applicable.

See Doc. No. 1-2, Ex. 1 to Compl., at p.12 (emphasis in original).  The C&I Policy contains the

following relevant definition:

**R.**   **Underground Storage Tank Systems** means a tank or
tanks operated by the **Insured**, including any connected
underground piping, underground ancillary equipment and
containment system:

1.   that are on, within, or under a location designated in
Item 5 of the Declarations and that are designated in
Item 6 of the Declarations; and

2.   that are used solely to contain **Regulated
Substances**.

Each tank in an **Underground Storage Tank System**,
including associated underground piping connected to the
tank, must have at least ten (10) percent of its volume
beneath the surface of the ground.

See Doc. No. 1-2, Ex. 1 to Compl., at pp.17-18 (emphasis in original).

AIGDC acted as the authorized claims handling agent for C&I at all times material to the

facts and matters alleged in the Amended Complaint.  See id. at ¶ 9.  AIG Consultants acted as

the agent of C&I at all times material to the facts and matters alleged in the Amended Complaint.

See id. at ¶ 10.  C&I, AIGDC, and AIG Consultants are related companies.  See id. at ¶ 11.

- 2 -

Plaintiffs allege that in January of 2002 multiple releases occurred at its Pineville bulk plant located near Pineville, West Virginia ("Pineville Plant").  Doc. No. 61, Am. Compl. at ¶¶ 20 & 31-33.  As also alleged in the Amended Complaint, the West Virginia Department of Environmental Protection ("WVDEP") issued a "Confirmed Release – Notice to Comply" to PPI on January 18, 2002, as well as other subsequent directives to investigate and remediate the January 2002 releases.  Doc. No. 61, Compl. at ¶¶ 34-37.  According to the Amended Complaint, Plaintiffs gave notice of the January 2002 releases and subsequent WVDEP-required actions in October of 2002, and C&I, AIGDC, and AIG Consultants[1] acknowledged receipt of that notice on October 21, 2002.  Id. at ¶ 40.  Plaintiffs allege that after numerous correspondence between Plaintiffs and C&I, AIGDC, and AIG Consultants, in which *inter alia* C&I, AIGDC, and AIG Consultants asserted reservations of rights based on releases from the non-covered oil water separator ("OWS") resulting in pollution conditions and for releases prior to the C&I Policy's retroactive date, C&I, AIGDC, and AIG Consultants denied coverage for the releases at issue and subsequent WVDEP-required actions by correspondence dated April 8, 2009, based on the definition of Underground Storage Tank System and the failure of the OWS to fall within that definition.  See id. at ¶¶ 41-56 & 64-66.

Plaintiffs aver that the Pineville Plant is an Insured Property under the C&I Policy, that the Plaintiffs are Insureds under the C&I Policy, and that the releases at issue and WVDEP-required actions are Claims covered by the C&I Policy.  Id. at ¶¶ 17 & 28-30.  Accordingly, Plaintiffs allege that C&I, through the actions of AIGDC and AIG Consultants in the handling of Plaintiffs' claim for coverage at issue, breached the C&I Policy.  See Doc. 61 at, e.g., ¶¶ 40, 43-

---

[1]     Plaintiffs, in the Amended Complaint, assert all allegations cited herein against the "AIG Parties," which Plaintiffs define as "[C&I], [AIGDC], AIG Consultants, their agents, representatives, contractors, and all related parties acting in connection with the Pineville [Plant]..." Doc. No. 61 at ¶ 11.

44, 48, 51, and 67-69 (identifying all actions taken by the "AIG Parties"[2] in the investigation of Plaintiffs' claim for coverage and formulation of C&I's coverage position); Doc. No. 61 at ¶¶ 72-76 (breach of contract count).    Plaintiffs further allege that C&I, AIGDC, and AIG Consultants, through the actions of AIGDC and AIG Consultants are each liable for committing unfair settlement and/or claims handling practices in violation of the West Virginia Unfair Trade Practice Act ("UTPA"), see generally Doc. No. 61 at ¶¶ 40-57, 65-70, 82-85, and 95-99; are liable for damages pursuant to Hayseeds, Inc. v. State Farm & Fire Casualty Insurance Co., 352 S.E.2d 73 (W. Va. 1986), see generally Doc. No. 61 at ¶¶ 40-57, 65-70, and 77-81; and are vicariously liable for the actions of C&I's contractor, Defendant Arcadis U.S., Inc. ("Arcadis"), and its subcontractor, Defendant JM2 Environmental, Inc. d/b/a Kodiak Field Services ("Kodiak").  See generally Doc. No. 61 at ¶¶ 57-64 and 100-103.

## ARGUMENT

In order for an insured to obtain damages from companies related to the offending insurer, e.g., by virtue of services performed for the insurer in the handling of the insured's claim for coverage, the insured must pierce the corporate veil.    Wilson v. Liberty Mut. Ins. Underwriters, Inc., 2008 U.S. Dist. LEXIS 13860, *19-20 (S.D. W. Va. Feb. 25, 2008). Accordingly, the insured must prove the "disregard of formalities" requirement, i.e., that "there is such a unity of interest and ownership [between the insurer and the related companies] that the separate personalities of the corporation and the individual shareholder(s) no longer exist," **and** the "fairness" requirement, i.e., that "an inequitable result would occur if the acts are treated as those of the corporation alone..." Wilson, 2008 U.S. Dist. LEXIS at *20 (quoting Laya v. Erin Homes, Inc., 177 W. Va. 343, 352 S.E.2d 93, 98-99 (1986)).

---

[2]    See note 1, supra.

1337383v.I

In <u>Wilson</u>, the insureds purchased a professional liability insurance policy from the defendant insurer, Liberty Insurance Underwriters, Inc. ("Liberty"). 2008 U.S. Dist. LEXIS at *1, 21. When the insureds were sued by a client for professional services rendered, the insureds gave notice of the underlying suit, which Liberty, in concert with Liberty Mutual Insurance Company ("Mutual") and Liberty International Underwriters ("International")[3], acknowledged but took no action to investigate. <u>Id.</u> at *2-3. The insureds thereafter filed a coverage action against Liberty, Mutual, and International, alleging breach of the liability insurance policy, breach of the duty of good faith and fair dealing, and violation of West Virginia Unfair Trade Practice Act ("UTPA") provisions in the handling of the insureds' claim. <u>Id.</u> at *3-4. The insureds asserted each count against all three defendants. <u>Id.</u> at *19. In relevant part, the insureds pled in their complaint that Mutual was the parent company of Liberty and International, that International provided employees and services to Liberty, and, accordingly, that all three defendants shared a "'community of interest' sufficient to hold each defendant liable for the acts and omissions of the others." <u>Id.</u>

Liberty, Mutual, and International jointly moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss, in relevant part, the claims against Mutual and International. <u>Id.</u> at *1, 5, 19-21. In granting the defendants' motion to dismiss and dismissing with prejudice Mutual and International from the action, the United States District Court for the Southern District of West Virginia noted that the insureds' allegations that the insurance companies shared employees and performed services for each other is enough to satisfy the first requirement, but relied upon the insureds' failure, with respect to the second requirement, to

---

[3]     The opinion does not identify the specific actions or omissions allegedly made by Mutual or International in the handling of the insureds' claim.

- 5 -

offer any facts suggesting the possibility of an inequitable result, if the conduct at issue was treated solely as the insurer's conduct. See id. at *20-21.

Wilson is directly on point with this coverage action. As was the case in Wilson, Plaintiffs here allege breach of contract, violations of the UTPA, Hayseeds, and vicarious liability counts jointly against C&I, AIGDC, and AIG Consultants. See generally Doc. No. 61. All violative actions or omissions averred against AIGDC and AIG Consultants, pursuant to Plaintiffs' own complaint allegations, were made in AIGDC's and AIG Consultants' sole capacity as agents of C&I. See Doc. No. 61 at ¶¶ 9-10. Plaintiffs further allege that C&I, AIGDC, and AIG Consultants are related companies. See id. at ¶ 11. Most importantly and like the insureds in Wilson, Plaintiffs cannot carry their burden of showing any possibility of an inequitable result if AIGDC's and AIG Consultants' alleged acts or omissions, which were made on C&I's behalf in the course of handling Plaintiffs' claim for coverage, are treated solely as the conduct of C&I. See 2008 U.S. Dist. LEXIS at *20-21. Accordingly, Plaintiffs' claims against AIGDC and C&I should be dismissed with prejudice.

WHEREFORE, Defendants AIG Domestic Claims, Inc. and AIG Consultants, Inc. respectfully request this Court to grant their Rule 12(b)(6) Motion to Dismiss Plaintiffs Petroleum Products, Inc.'s, Bulk Plants, LLC's, and Bulk Plants, Inc.'s claims against AIG Domestic Claims, Inc. and AIG Consultants, Inc., and to dismiss with prejudice AIG Domestic Claims, Inc. and AIG Consultants, Inc. from this action.

- 6 -

Dated:  April 28, 2010                              Respectfully submitted,


                                                      /s/ Rami M. Awadallah
                                                     Rami M. Awadallah
                                                     MANNION & GRAY, L.P.A.
                                                     122 Capitol Street, Suite 100
                                                     Charleston, WV  25301
                                                     (304) 513-4244 – Telephone
                                                     (304) 513- 4243 – Facsimile

                                                     Richard S. Kuhl (Admitted *Pro Hac Vice*)
                                                     Timothy P. Kilgore (Admitted *Pro Hac Vice*)
                                                     JACKSON & CAMPBELL, P.C.
                                                     1120 20th Street, NW, South Tower
                                                     Washington, DC  20036
                                                     Telephone:  (202) 457-1600
                                                     Facsimile: (202) 457-1678

                                                     *Counsel for Defendants Commerce & Industry*
                                                     *Insurance Company, AIG Domestic Claims,*
                                                     *Inc., and AIG Consultants, Inc.*

1337383v.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

PETROLEUM PRODUCTS, INC.,
et al.,

       Plaintiffs,

v.                                                      Case No. 2:09-0425

COMMERCE AND INDUSTRY
INSURANCE COMPANY, et al.,

       Defendants.

## CERTIFICATE OF SERVICE

I, Rami M. Awadallah, hereby certify that on April 28, 2010, I electronically filed the foregoing Memorandum of Law in Support of Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims Against Defendants AIG Domestic Claims, Inc. and AIG Consultants, Inc.  with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

       Jay Arceneaux
       Spencer D. Elliott
       Franklin I. Hartmann III
       LEWIS GLASSER, CASEY & ROLLINS, PLLC
       Suite 700, BB&T Square
       P. O. Box 1746
       Charleston, WV  25326
       *Counsel for Plaintiffs*

       Kimberly A. Martin
       LEWIS BRISBOIS BISGAARD & SMITH
       Third Floor, 209 Capitol Street
       Charleston, WV  25301
       *Counsel for Defendants ARCADIS U.S., Inc.*
       *And JM2 Environmental, Inc.*

Richard S. Kuhl
Robert E. Rider, Jr.
Timothy P. Kilgore
JACKSON & CAMPBELL, P.C.
1120 20th Street, NW, South Tower
Washington, DC  20036
*Co-Counsel for Commercial & Industry*
*Insurance Company, AIG Domestic*
*Claims, Inc. and AIG Consultants, Inc.*


/s/ Rami Awadallah
Rami M. Awadallah (WVSB # 10556)
Mannion & Gray Co., L.P.A.
122 Capitol Street, Suite 100
Charleston, WV  25301
(304) 513-4242 – Phone
(304) 513-4243 – Fax
rawadallah@manniongray.com